FILED
02/27/2020
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 10, 2019 Session

**MATTHEW B. FOLEY v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Rutherford County**
**No. F-52128  David M. Bragg, Judge**

————————————————————

**No. M2018-01963-CCA-R3-PC**

————————————————————

ROBERT L. HOLLOWAY, JR., J., concurring.

I concur fully with the majority opinion. Although I realize that the issue in this appeal concerns the denial of post-conviction relief, I write separately to express my opinion that, in light of the numerous amendments to the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 (the TSORA) and specifically the numerous amendments to the residential and work restrictions in Tennessee Code Annotated section 40-39-211, it is an appropriate time for the supreme court to revisit its holding in *Ward* "that the registration requirements imposed [by the TSORA] are nonpunitive and that they are therefore a collateral consequence of a guilty plea[.]" *Ward v. State*, 315 S.W.3d 461, 469 (Tenn. 2010). As the *Ward* court stated, "Obviously, nothing in this opinion precludes the possibility that an amendment to the registration act imposing further restrictions may be subject to review on the grounds that the additional requirements render the effect of the act punitive." *Id.* at 472.

**Brief History of the Case**

In 2002, two years before the enactment of the TSORA, the sixteen-year-old Petitioner pled guilty to facilitation of especially aggravated kidnapping pursuant to a negotiated plea. The State noted during the plea submission hearing that it was of "major benefit" to Petitioner to plead to *this offense* because he would not be required to register as a sex offender under the Sexual Offender Registration and Monitoring Act, Tennessee Code Annotated section 40-39-101 through 111 (repealed 2004) (the 1994 Act).

**History of Sexual Offender Registration and Monitoring in Tennessee**

*The 1994 Act*

The 1994 Act required "sexual offenders" convicted of certain sexual offenses to complete and deliver to the Tennessee Bureau of Investigation (TBI), within ten days of release "a TBI sexual offender registration/monitoring form" disclosing specified personal information concerning the offender. Tenn. Code Ann. § 40-39-103 (1994). The primary purpose of 1994 Act was the creation a centralized record system of the information reported by sexual offenders on the TBI form. This information would then be available to law enforcement agencies where an offender lived and worked so that the offender could be monitored. Tenn. Code Ann. § 40-39-106 (1994).

*The 1997 Amendment of the 1994 Act*

In 1997, the legislature amended the 1994 Act three times. Public Chapter 461 made the information reported by sexual offenders and maintained by the TBI available to the public and added for the *first time* the findings and declarations of the legislature, including two paragraphs declaring that public release of the information was not intended to be punitive:

> (6) To protect the safety and general welfare of the people of this State, it is necessary to provide for continued registration of sexual offenders and for the public release of specified information regarding sexual offenders. This policy of authorizing *the release of necessary and relevant information about sexual offenders* to members of the general public is a means of assuring public protection and *shall not be construed as punitive*; and

> (7) The General Assembly also declares, however, that in making information available about certain sexual offenders to the public, it *does not intend that the information be used to inflict retribution or additional punishment on any such sexual offender*.

1997 Tennessee Laws Pub. Ch. 461 (H.B. 798) (emphasis added).

*The TSORA*

The TSORA, which became effective August 1, 2004, repealed the 1994 Act. What began in 1994 as a law creating a reporting and monitoring database making information concerning sexual offenders available to law enforcement

agencies, and expanded in 1997 so that the information would be available to the public, changed significantly with the enactment of the TSORA which established restrictions on where an offender could live or work. Even though the scope of the TSORA was expanded to include more than reporting and dissemination of information, the general assembly chose only to incorporate, almost verbatim, the language of subsections 40-39-101(b)(6) and (7) thereby repeating its 1997 declaration that the "*release of information*" . . . "shall not be construed as punitive" or "be used to inflict retribution or additional punishment." *See* Tenn. Code Ann. § 40-39-201(b)(6), (b)(8). The general assembly made no findings or declarations concerning residential or work restrictions. Tenn. Code Ann. § 40-39-201.

Since 2004, the residential and work restrictions of the TSORA have, by my count, been amended eleven times. The residential and work restrictions now severely limit almost every aspect of an offender's life, including where an offender can live, work, stand, or sit idly.

### Ward v. State

A decade ago our supreme court, like the "overwhelming majority of courts," "concluded that a sex offender registration requirement does not impose additional punishment on the offender." *Ward* 315 S.W.3d at 471. The court reasoned that "an examination of the clearly-expressed legislative intent of the registration act supports the conclusion that the registration requirements imposed by the sex offender registration act are nonpunitive and that they are therefore a collateral consequence of a guilty plea[.]" *Id*. at 469.

### Post-*Ward* Development

As previously stated, the residential and work restrictions in the TSORA have become much more onerous during the ten years that have elapsed since the issuance of *Ward*. Additionally, numerous decisions issued by other state and federal courts have applied an "intent-effect test" to declare that retroactive application of statutes similar to the TSORA violate the ex post facto clause of their state constitutions or the federal constitution.

In *Does #1-5 v. Snyder*, the Sixth Circuit Court of Appeals concluded that the Michigan Sex Offender Registration Act (MSORA) "imposes punishment" and held that retroactive application of two amendments to the MSORA violated the ex post facto clause, U.S. Const. art. I § 10, cl. 1, and was unconstitutional. 834 F.3d 696, 705-06 (6th Cir. 2016). The *Does #1-5* court noted that the MSORA which "began in 1994 as a non-public registry maintained for law enforcement . . . *has grown into a byzantine code governing in minute detail the*

*lives of the state's sex offenders.*" *Id.* at 697 (emphasis added). The *Does #1-5* court stated:

> [W[hile many (certainly not all) sex offenses involve abominable, almost unspeakable, conduct that deserves severe legal penalties, punishment may never be retroactively imposed or increased. Indeed, the fact that sex offenders are so widely feared and disdained by the general public implicates the core counter-majoritarian principle embodied in the Ex Post Facto clause. As the founders rightly perceived, as dangerous as it may be not to punish someone, it is far more dangerous to permit the government under guise of civil regulation to punish people without prior notice. Such lawmaking has "been, in all ages, [a] favorite and most formidable instrument[ ] of tyranny."

*Id.* (quoting *The Federalist No. 84* (Alexander Hamilton)).

Like the MSORA, the 1994 Act began as a non-public registry maintained for law enforcement and expanded in 1997 so that the information would be available to the public. Also like the MSORA, the TSORA has now evolved into "a byzantine code governing in minute detail the lives of the state's sex offenders." *Does #1-5*, 834 F.3d at 697.[1]

In my opinion, now is an appropriate time for our supreme court to revisit the issue of whether the TSORA, generally, and the residential and work restrictions in Tennessee Code Annotated section 40-39-211, specifically, are punitive.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

---

[1] In addition to the federal opinion concerning the MSORA, opinions from Alaska, Maine, Kentucky, Indiana, Ohio, Oklahoma, New Jersey, New Hampshire, and Pennsylvania have held that retroactive application of their sex offender registration laws, or certain provisions of their laws, violated the federal ex post facto clause or their state ex post facto clause, or both. *See, e.g.*, *Doe v. State*, 189 P.3d 999, 1019 (Alaska 2008); *State v. Letalien*, 985 A.2d 4, 26 (Me. 2009); *Commonwealth v. Baker*, 295 S.W.3d 437 (Ky. 2009); *Wallace v. State*, 905 N.E.2d 371, 384 (Ind. 2009); *State v. Williams*, 952 N.E.2d 1108 (Ohio 2011); *Starkey v. Oklahoma Dep't of Corr.*, 305 P.3d 1004 (Okla. 2013); *Riley v. New Jersey State Parole Bd.*, 98 A.3d 544 (N. J. 2014); *Doe v. State*, 111 A.3d 1077 (N. H. 2015); *Commonwealth v. Muniz*, 164 A.3d 1189, 1194 (Pa. 2017); and *Commonwealth v. Moore*, 2019 PA Super 320, 222 A.3d 16 (2019), *reargument denied* (Jan. 6, 2020).